J-S71041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RYAN PATRICK ALLEN | |
| Appellant | No. 881 WDA 2015 |

Appeal from the Judgment of Sentence May 5, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001767-2014
CP-25-CR-0001771-2014

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 11, 2015**

Ryan Patrick Allen brings this appeal from the judgment of sentence imposed on May 5, 2015, in the Court of Common Pleas of Erie County. Concomitant with this appeal, counsel for Allen, Emily M. Merski, Esquire, has filed an **_Anders_**[1] brief and petition seeking to withdraw as counsel. A jury convicted Allen of intimidation of a victim/witness at Docket 1767-2014,[2] and unlawful restraint-involuntary servitude, simple assault, and recklessly endangering another person (REAP) at Docket 1771-2014.[3] The

_____

[1] **_See Anders v. California_**, 386 U.S. 738 (1967); **_Commonwealth v. Santiago_**, 978 A.2d 349, 361 (Pa. 2009).

[2] 18 Pa.C.S. § 4952(a)(3).

[3] 18 Pa.C.S. §§ 2902(a)(2), 2701(a)(1) and 2705.

trial court found Allen guilty of the summary offense of harassment at Docket 1771-2014.[4]   At the latter docket, Docket 1771-2014, the trial court sentenced Allen to an aggregate term of 24 to 48 months' incarceration.  At Docket 1767-2014, the trial court sentenced Allen to serve a term of 12 to 24 months' incarceration, consecutive to the sentence imposed at Docket 1771-2014. The issue identified in the **_Anders_** brief is a challenge to the discretionary aspects of the sentence.  Based upon the following, we affirm the judgment of sentence and grant counsel's request to withdraw from representation.

This case arises from a physical altercation Allen had with his girlfriend while operating his car and her attempt to flee, and his subsequent effort to keep her from testifying against him.   Allen was convicted and sentenced as stated above.  No post-sentence motion was filed.  On June 3, 2015, Allen filed this appeal.[5]

_____

[4] 18 Pa.C.S. § 2709(a)(1).

[5] Allen's trial counsel, Kenneth A. Bickel, Esquire, timely complied with the order of the trial court to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  The concise statement asserts that "[t]he trial court committed an error of law and or abused its discretion at the time of sentence when the court departed from the sentencing guidelines and gave the defendant a sentence higher than the aggravated range of the sentencing guidelines." Statement of Matters Complained of on Appeal, 6/18/2015, at 2, ¶B.

We note the concise statement mischaracterizes the sentences, which are, as will be discussed, standard range sentences. We further note Attorney Merski did not append the concise statement to the brief as required by
_(Footnote Continued Next Page)_

On June 29, 2015, Attorney Merski entered her appearance with this Court on behalf of Allen. On September 10, 2015, she filed an **Anders** brief, asserting that Allen's sentencing issue is frivolous, and that there are no other non-frivolous issues he could assert on appeal. On September 11, 2015, she filed a petition seeking leave to withdraw from representation.

Prior to addressing the issues identified in this appeal, we must review counsel's petition to withdraw. **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) ("When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.") (citation omitted). Specifically, we note:

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349, 361 (Pa. 2009). The brief must:
>
> (1)  provide a summary of the procedural history and facts, with citations to the record;
>
> (2)  refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)  set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)  state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

_(Footnote Continued)_ ───────────────

Pa.R.A.P. 2111(d). However, we will not find the brief defective for this lone procedural misstep.

> record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to the appellant. Attending the brief must be a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 2007 PA Super 199, 928 A.2d 349, 353 (Pa. Super. 2007); *see Commonwealth v. Daniels*, 2010 PA Super 112, 999 A.2d 590, 594 (Pa. Super. 2010); *Commonwealth v. Millisock*, 2005 PA Super 147, 873 A.2d 748, 751-52 (Pa. Super. 2005).

*Commonwealth v. Harden*, 103 A.3d 107, 110 (Pa. Super. 2014).

Here, counsel has filed a petition for leave to withdraw, in which she states her belief that the appeal is frivolous, and has filed an *Anders* brief pursuant to the dictates of *Santiago, supra*, 978 A.2d at 361. Counsel has provided this Court with a copy of the letter she mailed to Allen, advising him of his right to retain new counsel or proceed *pro se*, and the letter to Allen reflects counsel's enclosure of a copy of the *Anders* brief and her petition. Our review confirms that counsel has substantially complied with the technical and procedural requirements of *Anders* and *Santiago*, and that there is no response from Allen. Therefore, we proceed "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Commonwealth v. Flowers*, 113 A.3d 1246, 1248 (Pa. Super. 2015) (quotations and citation omitted). In so doing, we review not only the issues identified by appointed counsel in the *Anders* brief, but examine all of the proceedings to "make

certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id.* at 1249 (footnote omitted).

The issue framed in the *Anders* brief is as follows: "Whether [Allen's] sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code." *Anders* Brief at 3. As such, the *Anders* brief identifies a discretionary sentencing claim.

It is well settled that "[i]ssues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (en banc) (quotations and citation omitted). The record reflects Allen did not object at the sentencing hearing or file a motion to reconsider and modify sentence.[6] As such, the sentencing issue is waived. In any event, we would agree with counsel's assessment that the claim is frivolous.

Where an appellant challenges the discretionary aspects of a sentence, the appellant is

> required to "set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

_____

[6] At the sentencing hearing, Allen stated he waived his right to file post-sentence motions, including a motion to reconsider sentence. *See* N.T., 5/5/2015, at 12–13.

> The concise statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates. Additionally, the statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm. If the statement meets these requirements, we can decide whether a substantial question exists.

*Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (case citation omitted). Here, the Rule 2119(f) statement in the *Anders* brief sets forth the claim that the sentencing court sentenced within the guidelines but failed to consider the factors set out in 42 Pa.C.S. § 9721(b). Section 9721(b) requires the sentencing court to "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). This Court has stated: "[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (quotations and citation omitted), *appeal denied*, 104 A.3d 1, (Pa. 2014). Assuming, *arguendo*, a substantial question exists, we note below the discussion that occurred at sentencing, including the court's explanation of the sentence.

Prior to imposition of sentence, trial counsel informed the court that Allen had faced a felony aggravated assault charge and a felony intimidation of a witness charge but the jury convicted him on lesser charges; that the victim was Allen's long-time girlfriend, and "she even said nothing like this has ever happened before between the parties"; and that "this wasn't a violent or tumultuous relationship, but there were drugs involved, and it was like oil and water, and this was the subsequent result." N.T., 5/5/2015, at 5-6. Trial counsel suggested to the court that "this is a misdemeanor level offense and I do ask the court to run these sentences concurrent." *Id.* at 6. Thereafter, Allen told the trial judge that he was "here today to accept responsibility for what happened, and hopefully I can get this behind me as soon as possible." *Id.* at 6. The trial judge told Allen that he had reviewed Allen's letter to the court, and he "interpret[ed] it as a letter where [Allen] is … remorseful for what he has done." *Id.* at 6–7. Finally, the Commonwealth presented its argument that the victim was put in grave danger, that Allen involved his mother in a scheme to get the victim to say what he wanted her to say at the preliminary hearing, and that he was on parole at the time of the offenses. *Id.* at 7. The Commonwealth requested the court to sentence Allen in the aggravated range and to run the sentences consecutively "at least in terms of the intimidation case and the unlawful restraints at the other docket." *Id.* at 8.

The trial court then proceeded to sentence Allen to an aggregate term

of 36 to 72 months' incarceration, stating:

> All right.  Well, I've considered a number of things here.  I've considered the pre-sentence investigative report in its entirety, and, as I've indicated, I've made that a part of the record.  I've considered the Pennsylvania Sentencing Code and all its factors, the guidelines, and the various statements made here to me today.  I've also considered in this case the letter that was submitted by [Allen].
>
> Well, Mr. Allen, I think as you stand before me today you are sorry. I think if you could turn back the clock you might feel differently. But what is troubling about this case are a couple different things. First of all, it's very serious. The victim was put in grave danger, could have been very, very seriously injured, plus she was injured as far as the simple assault was concerned. And then to engage in conduct to try to convince her not to testify in the case and come forward, you know, strikes really at the heart of our system of justice.
>
> And I can't ignore the fact that you were on supervision at the time and that you've got an extensive criminal record. And what's troubling about that is that you've done state time, you've done county time, you've had probation, and you just don't seem to be able to stay crime free. I think you've got the capability, I think as bad as your record is and as serious as these offenses are you have rehabilitative potential, but you're just not following through. You did some good things by getting employed, but you just don't follow through and you just can't seem to keep a lid on these impulses, and I've got to punish you for that.
>
> There would be grounds to go into the aggravated range of the sentencing guidelines because of the fact that you were on supervision at the time, but I'm not going to do that. I think there's enough room within the confines of the standard range to give you a sentence which I think is appropriate. I'm not going to run all the sentences consecutively, but I'm going to run some of the sentences consecutively, because I think the harm caused here and the nature of the offenses and your conduct and given your background that that is appropriate. ….

*Id.* at 8–10.

The trial court sentenced Allen as follows:

At Docket 1771-2014,

Count 2, unlawful restraint/involuntary servitude — 12 to 24 months' incarceration, concurrent with the sentence imposed at Count 3;

Count 3, simple assault — 12 to 24 months' incarceration, consecutive to Allen's current state prison sentence;

Count 4, REAP — 12 to 24 months' incarceration, consecutive to the sentence imposed at Count 3.

At Docket 1767-2014,

Count 1, intimidation of a witness/victim — 12 to 24 months' incarceration, consecutive the sentence imposed at Count 4 of Docket 1771-2014.

*See id.* at 10–12.[7]  All of the sentences were standard range sentences.[8]

_____

[7] At Count 5 of Docket 1771-2014, for the summary offense of harassment, the court ordered Allen to pay costs only, with no further penalty.  *See* N.T., 5/5/2015, at 11.

[8] At Docket 1767-2014, for Count 1, intimidation of a victim/witness, with an Offense Gravity Score (OGS) of 5 and a Prior Record Score (PRS) of RFEL, the standard range under the Pennsylvania Sentencing Guidelines is 12 months' incarceration, and the statutory maximum is 24 months' incarceration.

At Docket 1771-2014, at for Count 2, unlawful restraint-involuntary servitude, with an OGS of 3 and a PRS of RFEL, the standard range is 12 to 18 months' incarceration.  For Count 3, simple assault, with an OGS of 3 and a PRS of RFEL, the standard range is 12 months' incarceration, and the statutory maximum is 24 months. For Count 4, REAP, with an OGS of 3 and a PRS of RFEL, the standard range is 12 months' incarceration, and the statutory maximum is 24 months' incarceration.

Our Supreme Court has ruled that "[w]here pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Here, the court had the benefit of a pre-sentence report. Furthermore, the court's explanation of its sentence, reflects that the sentencing judge fully considered all relevant sentencing factors.

In sum, had the issue been preserved, we would agree with counsel that the challenge to the discretionary aspects of sentencing is frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." *Flowers, supra,* 113 A.3d at 1248. Accordingly, we affirm Allen's judgment of sentence and grant counsel's petition for leave to withdraw as counsel.

Judgment of sentence affirmed. Petition for leave to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/11/2015